[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 28, 2005
THOMAS K. KAHN
CLERK

No. 05-12013
Non-Argument Calendar
_____

BIA Agency No. A95-547-564

NARENDRAKUMAR DHANJIBHAI BRAHMBHATT,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 28, 2005)

Before TJOFLAT, CARNES and HULL, Circuit Judges.

PER CURIAM:

Narendrakumar Dhanjibhai Brahmbhatt, through counsel, petitions for

review of the Board of Immigration Appeals' ("BIA") order, which affirmed the

Immigration Judge's ("IJ") denial of Brahmbhatt's application for asylum and withholding of removal and his request for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). After review, we deny Brahmbhatt's petition for review.

Brahmbhatt does not contest his removability and does not challenge the IJ's: (1) adverse credibility determination; (2) denial of his application for asylum and withholding of removal; or (3) denial of CAT relief. Instead, Brahmbhatt argues that his due process rights were violated by the IJ's actions during his asylum hearing.[1]

In support of his petition for review, Brahmbhatt relies primarily on the following two exchanges with the IJ. First, there was an exchange between Brahmbhatt's attorney and the IJ, in which the IJ refused to permit Brahmbhatt to testify regarding the names of police officers who allegedly tortured him in India:

Attorney:    Okay. Can you tell any names of the police of the CBI?

---

[1]Brahmbhatt also argues that the BIA's summary disposition of his appeal violated his due process rights. However, this Court has concluded that the BIA's practice of summarily affirming an IJ's removal order does "not violate any due process rights." Mendoza v. United States Att'y Gen., 327 F.3d 1283, 1289 (11th Cir. 2003). In Mendoza, this Court noted that "no entitlement to a full opinion by the BIA exists," and the fact that "a one-sentence order was entered is no evidence that the BIA member did not review the facts" of the case. Id. (internal quotation marks and citations omitted); see id. (concluding that "meaningful review of the INS's removability determination is not precluded by the brevity of the BIA's summary affirmance decision because an appellate court will continue to have the IJ's decision and the record upon which it is based available for review" (internal quotation marks and citations omitted)).

2

IJ: I don't want to hear it. He could tell me his name is John Joan Sam Brown and Larry, Moe and Curly, the Three Stooges. It means nothing.

Attorney: Your Honor, but –

IJ: He can spout Gujarati names from now –

Attorney: Your Honor, he remembers the details.

IJ: – until noontime and it doesn't mean anything.

Attorney: He remembers the details, because that's what he told me.

IJ: He can tell us Babe Ruth did it. I mean, it doesn't matter. He can make up any name. There's absolutely no way that I can judge whether he's telling me the truth or not. If he wants to tell me Mahatma Gandhi did something to him, that I can begin to comprehend, but these, just names pulled out of a hat –

Attorney: Okay.

IJ: – he may be accurate but it means nothing to the court.

The IJ also directly questioned Brahmbhatt regarding alleged harassment. Specifically, when Brahmbhatt testified he was harassed by members of the ruling party in India, the following exchange occurred:

IJ: How do you know that sir?

Brahmbhatt: Because I didn't join the BJP. That's why the BJP government used their CBI and police organization to intimidate me to join their party.

3

IJ: I understand you may feel that is true, but what is the basis for your belief that it is true? Did Gandhi come to you in a dream and tell you this? Where did you find out?

Essentially, Brahmbhatt argues that the manner in which the IJ conducted his asylum hearing, especially when combined with the IJ's inappropriate comments, rendered his asylum hearing fundamentally unfair.

"To establish due process violations in removal proceedings, aliens must show that they were deprived of liberty without due process of law, and that the asserted errors caused them substantial prejudice." Lonyem v. United States Att'y Gen., 352 F.3d 1338, 1341-42 (11th Cir. 2003). Furthermore, a "party to an immigration case . . . is entitled to a full and fair hearing - not an idyllic one." Aguilar-Solis v. INS, 168 F.3d 565, 569 (1st Cir. 1999); see Laurent v. Ashcroft, 359 F.3d 59, 62 (1st Cir. 2004) (noting that "[a] party is entitled to a fair hearing, not a perfect one, and within wide margins . . . a judge's efforts at routine administration of court do not offend principles of fundamental fairness").

When summarily affirming the IJ, the BIA noted that it did "not condone all the statements made by the [IJ] during the hearing." Although we also do not approve of all of the IJ's comments, we readily conclude that these two isolated exchanges do not amount to a denial of due process. See Shoaira v. Ashcroft, 377 F.3d 837, 842-843 (8th Cir. 2004) (holding that the IJ's conduct, including his

4

statements that he was "not the least bit interested with the process" and that the process was "all for show," while deplorable when taken in isolation, did not prejudice applicants, and thus did not violate their due process rights, where applicants pointed to no evidence that they were discouraged or prohibited from proving their claim); Kharkhan v. Ashcroft, 336 F.3d 601, 606 (7th Cir. 2003) (concluding that alien failed to establish that the IJ's discourteous conduct amounted to bias and prejudiced her); Albathani v. INS, 318 F.3d 365, 375 (1st Cir. 2003) (holding that an alien was not denied due process, even though the IJ berated the interpreter, rushed the hearing along, sharply cross-examined the alien, and refused to examine the alien's scars); Aguilar-Solis, 168 F.3d at 569 (noting that "the transcript reflects nothing more sinister than a modicum of impatience" and that such "is not the stuff from which a due process violation can be fashioned"); see also Liteky v. United States, 510 U.S. 540, 555-56, 114 S. Ct. 1147, 1157 (1994) (addressing a district judge's conduct at trial and stating that "[e]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . sometimes display do not establish bias or partiality").

For all the above reasons, we deny Brahmbhatt's petition for review.

PETITION DENIED.